UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EVERETTE LEE HAYES, JR.,

    Defendant.

Criminal No. 03-0500 (PLF)
Civil Action No. 16-1321 (PLF)

---

MEMORANDUM OPINION AND ORDER

The matter before the Court is defendant Everette Lee Hayes, Jr.'s motion to vacate his sentence under 28 U.S.C. § 2255. Mr. Hayes asks this Court to vacate his sentence in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), applied retroactively to cases on collateral review through Welch v. United States, 136 S. Ct. 1257 (2016). Upon consideration of the parties' briefs and the relevant legal authorities, the Court will deny the motion.[1]

I. FACTUAL AND PROCEDURAL BACKGROUND

In 2004, a jury convicted Mr. Hayes of one count of unlawful possession of a firearm by a prior convicted felon, in violation of 18 U.S.C. § 922(g)(1). See Judgment (Dec. 20, 2004) at 1 [Dkt. 44]. Because of Mr. Hayes's three previous convictions for a violent felony or

---

[1] The papers reviewed in connection with the pending motion include: Defendant's Abridged Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Abridged Mot.") [Dkt. 73]; Defendant's Second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Mot.") [Dkt. 76]; and Memorandum in Opposition by the United States ("Opp.") [Dkt. 83]. Mr. Hayes did not file a reply memorandum.

serious drug offense, he was subject to a mandatory minimum sentence of 15 years. See 18 U.S.C. § 924(e)(1). Under the then-mandatory United States Sentencing Guidelines, Judge James Robertson sentenced Mr. Hayes to 235 months' imprisonment followed by five years of supervised release. See Judgment at 2-3.

Mr. Hayes appealed his conviction and sentence. See Judgment, No. 04-3173 (D.C. Cir. May 10, 2007) at 2 [Dkt. 51]. The D.C. Circuit initially vacated Mr. Hayes's sentence and remanded to this Court for the limited purpose of reconsidering the sentence in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). See Order, No. 04-3173 (D.C. Cir. Oct. 31, 2005) at 1 [Dkt. 46]. On remand, Judge Robertson imposed the same sentence of 235 months' imprisonment, stating that the sentence was justified under 18 U.S.C. § 3553(a)(2) and not greater than necessary. See Memorandum (Nov. 7, 2006) at 3 [Dkt. 48]. Returning to the court of appeals Mr. Hayes's primary arguments related to the denial of his motions to suppress his statements and a weapon and the district court's use of his prior convictions to enhance his sentence. See Judgment, No. 04-3173 at 2. The D.C. Circuit affirmed the district court's judgment. Id.

In April 2008, Mr. Hayes filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing ineffective assistance of counsel at trial. See Petition for Writ of Habeas Corpus at 1, 8 [Dkt. 54]. Judge Robertson denied his Section 2255 motion, and the D.C. Circuit affirmed that decision on appeal. See Memorandum Order (Dec. 2, 2008) at 1 [Dkt. 66]; Judgment, No. 08-3119 (D.C. Cir. Feb. 26, 2010) at 1 [Dkt. 72].

In 2016, this case was reassigned to the undersigned following Judge Robertson's retirement. On June 25, 2016, Mr. Hayes filed an abridged Section 2255 motion through counsel, the Federal Public Defender for the District of Columbia ("FPD"), following the

Supreme Court's rulings in Johnson v. United States, 125 S. Ct. at 2563, and Welch v. United States, 136 S. Ct. at 1268, that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague and applies retroactively to cases on collateral review. See Abridged Mot. at 1. Because this was Mr. Hayes's second Section 2255 motion, Mr. Hayes, through the FPD, also sought and was granted authorization from the D.C. Circuit to file a second or successive post-conviction motion. See Order, No. 16-3063 (D.C. Cir. July 5, 2016) at 1 [Dkt. 75]. Mr. Hayes then filed a pro se Section 2255 motion, seeking post-conviction relief based on Johnson and three other grounds. See Mot. at 5-9. This Court later permitted the Federal Public Defender to withdraw as counsel, and Mr. Hayes proceeds on his motion pro se. See Order, (Oct. 26, 2016) at 1 [Dkt. 79].

## II. DISCUSSION

A federal prisoner may file a motion to vacate, set aside, or correct a sentence that was imposed "in violation of the Constitution or law of the United States . . . or was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). Because Mr. Hayes is proceeding pro se, the Court liberally construes his motion. See United States v. Peterson, 916 F. Supp. 2d 102, 104 (D.D.C. 2013). Mr. Hayes states four grounds on which he claims his sentence should be vacated: (1) a due process violation in light of Johnson; (2) a due process violation for the United States' failure to give notice of "what constitutes an offense[] against the Laws of the United States"; (3) a violation of Article I, Section 8, Clauses 1-18 of the Constitution; and (4) a violation of the Tenth Amendment to the Constitution. See Mot. at 4-8.

*A. Ground One: Due Process Claim in Light of <u>Johnson</u>*

Under ACCA, a defendant convicted of a violation of 18 U.S.C. § 922(g) is subject to a mandatory minimum of fifteen years' imprisonment if the sentencing court determines that the defendant has three prior convictions for a violent felony or a serious drug offense. 18 U.S.C. § 924(e)(1). Mr. Hayes argues that, in light of <u>Johnson</u>, his conviction was based on the unconstitutionally vague residual clause of ACCA and that his offenses are no longer "violent felonies" that qualify him as an armed career criminal. <u>See</u> Mot. at 4. The government responds that Mr. Hayes's sentence pursuant to ACCA was not based on any violent felonies, but appropriately rested on at least three serious drug offenses; it provides certified copies of convictions to support its argument. <u>See</u> Opp. at 5 [Dkt. 83]; Ex. A at 2, 19, 21 [Dkt. 83-1].[2] The government asserts that <u>Johnson</u> is irrelevant to Mr. Hayes's motion, and Mr. Hayes therefore is not entitled to relief under Section 2255. <u>See id</u>. at 1.[3] The Court agrees.

The Supreme Court's decision in <u>Johnson</u> did not "call into question" the application of ACCA to serious drug offenses. 135 S. Ct. at 2563. A "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with an intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Mr. Hayes has at least three drug convictions that qualify as serious drug offenses: (1) a 1990 conviction for possession of phencyclidine ("PCP") with intent to distribute in Maryland,

---

[2] The government notes that in Mr. Hayes's Presentence Investigation Report, his conviction in 2003 was misidentified as felony possession with intent to distribute phencyclidine ("PCP"). <u>See</u> Opp. at 2 n.1. The government obtained the certified conviction, which reflects only a conviction for misdemeanor possession of PCP. <u>See id</u>. It does not here rely on that conviction.

[3] The Probation Office also suggested that Mr. Hayes was a career offender under Section 4B1.2 of the U.S. Sentencing Guidelines based upon his prior felony convictions. Mr. Hayes does not challenge his status as a career offender under the Guidelines.

(2) a 1992 conviction for attempted distribution of PCP in the District of Columbia, and (3) a 1995 conviction for distribution of PCP in Maryland.  See Opp. at 6; Ex. A.  The Court agrees with the government that each of these qualifies as a predicate drug conviction and that Mr. Hayes therefore is an armed career criminal under ACCA.  The residual clause invalidated in Johnson did not affect his sentence.  The Court therefore concludes that Johnson is inapplicable to this case and affords Mr. Hayes no relief.  See United States v. Darling, 619 F. App'x 877, 880 n.5 (11th Cir. 2015); United States v. Sadm, No. cr08-0021, 2016 WL 5081163, at *3-4 (W.D. Va. Sept, 16, 2016).

*B.  Grounds Two, Three, and Four*

Mr. Hayes asserts three additional grounds for post-conviction relief.  See Mot. at 4-8; supra at 3.  The remaining grounds are procedurally barred for three reasons.  First, Mr. Hayes's motion is untimely.  Untimely Section 2255 motions, absent equitable tolling, are time-barred and must be dismissed.  United States v. Cicero, 214 F.3d 199, 202 (D.C. Cir. 2000).  The one-year limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

First, grounds two, three, and four are not related to Johnson and therefore are not rights "newly recognized by the Supreme Court" under Section 2255(f)(3). See Mot. at 4. Nor is there any suggestion that Mr. Hayes was prevented from making these claims earlier because of governmental action or that any facts supporting these claims only recently came to light. See 28 U.S.C. § 2255(f)(2), (4). Instead, the appropriate triggering event to start the one-year limitations period is the date on which Mr. Hayes's original judgment became final. 28 U.S.C. § 2255(f)(1). Mr. Hayes's judgment became final on May 10, 2007. See Mandate, No. 04-3173 (D.C. Cir. May 10, 2007) at 1 [Dkt. 51]. The one-year limitations period within which he had to file a Section 2255 motion therefore expired on May 10, 2008. Because the motion before the Court was filed on July 11, 2016, Mr. Hayes's motion is untimely under Section 2255(f).

Second, Mr. Hayes's pro se motion is successive. 28 U.S.C. § 2255(h) states in part that "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Through counsel, Mr. Hayes filed a motion with the D.C. Circuit for authorization to file a second or successive Section 2255 motion on the basis of Johnson. See Abridged Mot. at 1. The court of appeals order authorizing the second petition makes clear it did so because Mr. Hayes had made a prima facie showing that his claim relied on Johnson, which announced "a new, previously unavailable rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." Order, No. 16-3063 at 1; see also 28 U.S.C. § 2244(b); Welch v. United States, 136 S. Ct. at 1265. While there is nothing wrong with Hayes elucidating the Johnson argument after his counsel chose not to do so and withdrew, he had no authorization from the D.C. Circuit to file a second or successive motion that raised additional arguments. Because Mr. Hayes did not seek

authorization to raise those three grounds for relief other than <u>Johnson</u>, those portions of his motion must be considered successive under Section 2255(h).

Finally, Mr. Hayes did not raise grounds two, three, and four on direct appeal, as he acknowledges. <u>See</u> Mot. at 5, 8, 9. "The procedural default rule generally precludes consideration of an argument made on collateral review that was not made on direct appeal, unless the defendant shows cause and prejudice." <u>United States v. Booker</u>, --- F. Supp. 3d ----, 2017 WL 829094, at *5 (D.D.C. Mar. 2, 2017) (quoting <u>United States v. Hughes</u>, 514 F.3d 15, 17 (D.C. Cir. 2008)). "A defendant can show cause where a claim was 'so novel that its legal basis [was] not reasonably available to counsel' at the time of appeal." <u>Id</u>. (alteration in original) (quoting <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998)). "To establish prejudice, a defendant must demonstrate that 'there is a reasonable probability that, but for [the errors], the result of the proceeding would have been different.'" <u>Id</u>. (alteration in original) (quoting <u>United States v. Pettigrew</u>, 346 F.3d 1139, 1144 (D.C. Cir. 2003)).

Here, grounds two, three, and four of Mr. Hayes's Section 2255 motion are not "novel" claims to establish cause. <u>See</u> <u>United States v. Booker</u>, 2017 WL 829094, at *5. Nor has Mr. Hayes established prejudice. He has provided little information in his motion regarding these three grounds and provides no information as to why he did not raise these arguments on direct appeal or how the result of the proceeding before Judge Robertson would have been different but for the errors he alleges. <u>See id</u>. His claims therefore are barred by the procedural default rule. The portion of Mr. Hayes's motion dealing with issues unrelated to <u>Johnson</u> is procedurally barred, and the Court may not review grounds two, three, and four of his motion on the merits.

## III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Dkt. 73] is DENIED; and it is

FURTHER ORDERED that defendant's <u>pro se</u> Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Dkt. 76] is DENIED.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 9, 2017